506 P.2d 1268

**Michael HORNE, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 13059.**

Supreme Court of Utah.

Feb. 27, 1973.

Bruce C. Lubeck, of Salt Lake Legal Defender Assn., Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, David R. Irvine, Asst. Attys. Gen., Salt Lake City, for defendant-respondent.

ELLETT, Justice:

The plaintiff appeals from a denial of his petition for a writ of habeas corpus. He claims that the writ should have been granted because his plea of guilty to a charge of forgery was not knowingly, voluntarily, intelligently and understandingly made. He bases this contention on two grounds:

1. The court never explained to him that the sentence for forgery could have been made to commence after the termination of sentences theretofore imposed upon him for the crimes of burglary in the second degree and grand larceny.

2. He was not informed that the penalty for forgery was a term in prison of from one to 20 years.

■ The fact of the matter is that the sentence for forgery was to run concurrently with those for which he was already incarcerated, so that if there was any error in not advising him of that fact, it did not prejudice him in any manner whatsoever. Besides, his guilty plea appears to have been the result of a plea-bargaining deal whereby if he entered a plea of guilty to the charge of forgery, the district attorney would move to dismiss a charge of burglary in the second degree then pending against him. Such a motion was made and was by the court granted.

His second contention is that the court told him that the sentence would be for a maximum of ten years and then proceeded to sentence him to a term of from one to 20 years.

■ We do not think there is any merit to this claim. The defendant and his lawyer stated that a plea of guilty should be entered to the charge of forgery. Before accepting the plea, the court thoroughly examined the defendant, and during the matter the court asked the defendant if he knew that he could be placed in prison for ten years. The defendant replied that he understood. The defendant and his lawyer had discussed the matter and apparently the defendant knew what the sentence would be, for when the judge pronounced a sentence of from one to 20 years, the defendant made no complaint. Besides, the sentence was to run concurrently with the two other sentences, one of which was for ten years, the other for twenty. The defendant would remain incarcerated until the 20-year sentence for burglary was terminated even though the sentence for forgery had been from one to ten years. It would thus appear that he was not harmed by the misstatement of the judge.

■ The trial court in the instant matter had before it a transcript of the proceedings at the time the guilty plea was en-

tered. Mr. Horne was there represented by counsel, and the record of that proceeding as well as the testimony given in the instant matter justified a finding by the trial court that Mr. Horne entered his plea of guilty to the charge of forgery knowingly, voluntarily, intelligently and understandingly.

■ Habeas corpus is civil in nature, and the burden is on the petitioner to convince the trial court that he is unlawfully restrained of his liberty. This burden was not sustained by Mr. Horne, and we do not reverse the lower court when there is competent evidence to sustain his ruling.

The judgment of the trial court in denying the petition for a writ of habeas corpus is affirmed.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.